UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZIKOMO BULLOCK and MINDY STANBRO,<br><br>          Plaintiffs,<br><br>     v.<br><br>WINNEBAGO INDUSTRIES, INC.,<br><br>          Defendant. | CAUSE NO.: 3:23-cv-151-PPS-MGG |

OPINION AND ORDER

Defendant, Winnebago Industries, Inc., filed a motion to dismiss the complaint for forum non conveniens. [DE 6.] The motion will be granted for two reasons: First, there is no connection to Indiana in this case, at least not that I can see; and second, the warranty at issue contains a specific forum selection clause designating the state court in Winnebago County, Iowa as the forum to hear the case. The motion will therefore be granted and the complaint dismissed.

**Background**

Plaintiffs, Zikomo Bullock and Mindy Stanbro, are citizens of Oklahoma. [DE 1, Compl., at 1.] The complaint alleges they purchased a new 2021 Winnebago View 24J RV for $149,218.95 on May 7, 2021, from the "Foley RV Center." [*Id.* at 2.] Surprisingly, the complaint does not allege where the Foley RV Center was located - not even the state. In its motion to dismiss, Winnebago states "[t]he RV itself appears to have been purchased by Plaintiffs in either Texas or Mississippi." [DE 6 at 8.] It attached as an

exhibit a "Certificate of Origin for a Vehicle" indicating the RV was transferred to the distributor Turan Foley Motors, Inc. d/b/a Foley RV Center located in Gulfport, Mississippi. [DE 6-2 at 1.] Plaintiffs do not address where the RV was purchased in their response. Although the Complaint says that Winnebago is an Indiana Corporation [DE 1 at 1], all parties now seem to agree that Winnebago is actually a Minnesota corporation with its principle place of business in Iowa. [DE 6 at 8; DE 7 at 7; DE 7-5.] The RV was manufactured in Iowa. [DE 6-2.]

Plaintiffs allege the purchase of the RV "was accompanied by express warranties offered by the Defendant, Winnebago." [DE 1 at 3.] After they bought their new RV, Plaintiffs soon discovered many defective conditions (some which existed when the RV was delivered, and many other defective conditions that occurred since the purchase). [*Id.* at 3-4.] Just some of the alleged defects are: the entry door hinges locked/seized, the entry steps did not fully operate, the skylight was cracked, the air ducting had uneven flow, the tabletops were damaged in transport, the kitchen faucet leaked continually, and the inverter was faulty. [*Id.* at 4.] Despite numerous and lengthy repairs, many of the alleged defects still exist. [*Id.* at 5.]

Plaintiffs filed a complaint with this court on February 22, 2023. They claim: violation of the Magnuson-Moss Warranty Act (Count 1); breach of express warranties (Count 2); and breach of implied warranties (Count 3). In response, Winnebago filed this motion to dismiss the complaint for forum non conveniens. It attached the warranty to their motion with provides, in pertinent part, that: "[a] claim for breach of

2

this NVLW [new vehicle limited warranty] or an applicable implied warranty, must be initiated within (15) months from the date of purchase. Any claim for breach of this NLVW[1] [sic.] can only be brought in the Iowa District Court located in Winnebago County, Iowa." [DE 6-1 at 1.]

Based on this forum selection clause, Winnebago has moved to dismiss the complaint for forum non conveniens. Plaintiffs argue this case should remain in this Court or, alternatively, be transferred to the United States District Court for the Northern District of Iowa.

## Discussion

A dismissal for forum non conveniens is "committed to the sound discretion of the trial court" and "may be reversed only when there has been a clear abuse of discretion." *Deb v. SIRBA, Inc.*, 832 F.3d 800, 805 (7th Cir. 2016) (citation omitted). The Supreme Court case of *Atlantic Marine* is directly on point and dictates what to do procedurally in this case. On the one hand, it mandates when the forum selection clause in question requires suit in a specific federal forum, "the clause may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)," which permits the district court to transfer the case "to any other district to which the parties have agreed by contract or stipulation." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for Western*

---

[1] This appears to be a typographical error. The warranty refers to the New Vehicle Limited Warranty ("NVLW"), but in this once instance in the text, the warranty is accidentally referred to as "NLVW." This seems to be an error with no real significance.

3

*Dist. of Texas*, 571 U.S. 49, 59 (2013).  On the other hand, when a forum-selection clause requires suit in a specific nonfederal forum (which is the case here), the doctrine of forum non conveniens is the proper vehicle to enforce the clause.  *Id*. at 60.  In other words, Winnebago has correctly brought this motion as one to dismiss for forum non conveniens.

"In the typical case *not* involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62 (emphasis added).  But when the case *does* involve a forum-selection clause, private interests drop out of the equation. *Id.* at 64.  So when a forum-selection clause is in play, the analysis is limited to public-interest factors.  *Id.*  And because those factors are "rarely" strong enough to override the parties' preselected forum, "the practical result is that forum-selection clauses should control except in unusual cases."  *Id.*  Where a forum selection clause specifies a specific venue with "mandatory or obligatory language, the clause will be enforced." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992).

To sum up, *Atlantic Marine* holds that a valid forum selection clause "[should be] given controlling weight in all but the most exceptional cases," "the plaintiff's choice of forum merits no weight," and "the party defying the forum-selection clause . . . bears the burden of establishing that the transfer to the forum for which the parties bargained is unwarranted." *Atlantic Marine*, 671 U.S. at 60, 63.

4

I do not think this is an unusual or exceptional case that calls for rejecting the forum-selection clause. No one disputes Plaintiffs' claims are all related to the warranty in this case. And the language in the warranty is mandatory, not permissive. *See IAC/Interactive Corp. v. Roston*, 44 F.4th 635, 643 (7th Cir. 2022) ("The central inquiry, then, is whether a clause is merely a party's consent to a court's jurisdiction – constituting a permissive forum selection clause – or whether the clause had mandatory language specifying that disputes under the contract 'shall' or 'will' be litigated in a specific venue or forum."). Here, the relevant language states "any claim for breach of [the Warranty] *can only* be brought in the Iowa District Court located in Winnebago County, Iowa." [DE 6-1 at 1 (emphasis added).] While not using the magic commands "shall" or "will", the phrase "can only be brought" is nonetheless mandatory language.

Plaintiffs also claim the clause is ambiguous because it is unclear whether suit should be brought in federal court in Iowa or state court. [DE 7 at 4-5.] Recall that the warranty states: "[a]ny claim for breach of this NLVW [sic.] can only be brought in the *Iowa District Court located in Winnebago County, Iowa*." [DE 6-1 at 1 (emphasis added).] In Iowa, state trial courts are referred to as "District Courts." *See, e.g., State v. Iowa District Court for Jasper Cnty.*, No. 22-0984, 2023 WL 3335595 (Iowa Ct. App. May 10, 2023). So the warranty is plainly referring to the state trial court in Winnebago County, Iowa. Of course, it is true that there are also federal district courts in Iowa. Those courts are divided into two districts—the District Court for the Northern District of Iowa and the District Court for the Southern District of Iowa. The District Court for the

5

Northern District of Iowa serves Winnebago County; however, the courts for the Northern District of Iowa are located in Cedar Rapids and Sioux City, Iowa. So it is clear beyond question, contrary to Plaintiffs's suggestion, that when the warranty references the "District Court located in Winnebago County, Iowa" it is a reference to the state trial court located there, not a federal district court which holds court elsewhere.

In looking at the public interest factors, they may include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law. *Atlantic Marine*, 571 U.S. at 62 n.6 (citation omitted). While Plaintiffs make all three of these arguments, none of them are compelling enough to "prove the public interest factors alone counsel against dismissal." *Nulogy Corp. v. Menasha Packaging Co., LLC*, 76 F.4th 675, 681 (7th Cir. 2023). Plaintiffs contend refiling this case in state court would result in court congestion, delay, and added costs. [DE 7 at 6.] While Plaintiffs cite the raw number of civil filings in Iowa state courts and argue those are more than the civil cases filed here [DE 7 at 6], state courts are courts of general jurisdiction and are extremely well equipped with dealing with a high number of cases. My caseload is extremely busy right now with detailed federal cases that all require significant time involvement by the court. The fact that Plaintiffs would have to pay a second filing fee if they re-file in Iowa state court is just a reality (and a trifle), and not one that I consider weighing in favor of the "public"

6

interests.

The second public interest, having localized controversies decided at home, weighs in favor of dismissal.  These plaintiffs live in Oklahoma, the RV was purchased in either Texas or Mississippi, the RV was manufactured in Iowa, and Winnebago is a Minnesota corporation with its principal place of business in Iowa.  Indiana has no connection whatsoever to this case, and I am completely baffled as to why Plaintiffs brought the case here.  According to Plaintiffs, Winnebago of Indiana, LLC, manufactures and distributes RVs and has its principal place of business in Indiana. [DE 7 at 7.] This is irrelevant though, because Plaintiffs did not purchase their RV in Indiana and Winnebago of Indiana is not a named defendant to this lawsuit.  At least the RV in question was manufactured in Iowa, and Winnebago has its principal place of business there, so there are some connections to Iowa aside from the forum selection clause.

Lastly, the interest in having the trial of a diversity case in a forum that is at home with the law is really a push.  As Plaintiffs point out, it is true that the Northern District of Indiana has a high volume of defective RV cases. [DE 7 at 7.]  Nevertheless, I'm sure the Iowa district court is also experienced in this area of the law, especially since the forum selection clause at issue here specifies that breach of warranty cases against Winnebago must be brought in the Iowa state court.

Because Plaintiffs have not pointed to any compelling public interest to justify setting aside the contractual choice of forum, and there is nothing unusual or exceptional about this case requiring that it stay in Indiana (to the contrary, I can't find

7

any connection at all to Indiana), dismissal is warranted. *See Atlantic Marine*, 571 U.S. at 64 ("the practical result is that forum-selection clauses should control except in unusual cases.").

## Conclusion

For the aforementioned reasons, Winnebago Industries, Inc.'s Motion to Dismiss Plaintiffs' Complaint for Forum Non Conveniens [DE 6] is GRANTED and the case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

ENTERED: September 21, 2023.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**